UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| LEONARD BRADFORD, # 131806, <br> a/k/a LENARD BRADFORD-BEY, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL HEYNS, et al., <br><br> Defendants. | Case No. 1:14-cv-679 <br><br> Honorable Paul L. Maloney <br><br> **REPORT AND RECOMMENDATION** |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff is an inmate at the Kinross Correctional Facility (KCF). This lawsuit arises out of conditions of plaintiff's confinement at the Ionia Maximum Correctional Facility (ICF) on December 31, 2011, and February 7, 2012, through early March 2012. On June 25, 2014, plaintiff filed this lawsuit. He named Director of the Michigan Department of Corrections (MDOC) Daniel Heyns, MDOC's Special Activities Coordinator Michael Martin, and "chaplaincy board" member Robert Wilcoxson-Bey as defendants. In addition, he named four MDOC employees at ICF as defendants: Warden John Prelesnik, Chaplain Gary Wyma, Mailroom Supervisor Mark Pattison, and Acting Deputy Warden Cathleen Stoddard.

The matter is now before the court on three motions: plaintiff's second motion to certify a class action (docket # 14), plaintiff's motion for reconsideration of the order denying his first motion that the court certify a class action (docket # 15), and plaintiff's "Motion for a

Temporary Restraining Order and Preliminary Injunction" (docket # 16). For the reasons set forth herein, I recommend that plaintiff's motions be denied.

**Discussion**

Plaintiff is limited to representing himself on his own claims. *See* 28 U.S.C. § 1654; *accord Winkleman v. Parma City Sch. Dist.*, 550 U.S. 516, 521-22 (2007). It is well established that *pro se* litigants are inadequate class representatives. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Reed v. Mich. Dep't of Corr.*, No. 2:14-cv-211, 2015 WL 328726, at * 2 (W.D. Mich. Jan. 23, 2015) (collecting cases). Because plaintiff is an incarcerated *pro se* litigant, he is not appropriate representatives of a class. Accordingly, I recommend that plaintiff's motion for reconsideration (docket # 15) and second motion for class certification (docket # 14) be denied.

Temporary restraining orders and preliminary injunctions are extraordinary remedies. *See Platt v. Board of Commissioners on Grievances & Discipline of Ohio Sup. Ct.*, 769 F.3d 447, 453 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also* FED. R. CIV. P. 65. Because they are extraordinary remedies, such relief is only granted where movant carries his burden of proving that the circumstances clearly demand it. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *see also Welch v. Brown*, 551 F. App'x 804, 808 (6th Cir. 2014). The four factors this court is to consider on motions for a TRO or preliminary

injunction are well-established. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Plaintiff is proceeding *pro se* and represents only himself on his own claims. Nonetheless, he persists as labeling himself as a "Class Representative Plaintiff" and seeks wide-ranging relief such as an injunction prohibiting the regulation of "religious accouterments" in Michigan's prisons. I recommend that plaintiff's "Motion for a Temporary Restraining Order and Preliminary Injunction" be denied because none of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claims against defendants. He has not shown that an injunction is necessary to prevent irreparable harm. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons.

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motions (docket #s 14, 15, 16) be denied.

Dated:  February 24, 2015         /s/  Phillip J. Green
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir.

2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).