UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEONARD BRADFORD, # 131806, )<br>a/k/a LEONARD BRADFORD-BEY, )<br>      Plaintiff, )<br>       )<br>-v- )<br>       )<br>DANIEL HEYNES, et al., )<br>      Defendants. )<br>_____ ) | No. 1:14-cv-679<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION CONCERNING INJUNCTIVE RELIEF

Plaintiff Leonard Bradford-Bey, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed this lawsuit in which he alleges violations of his religious freedoms. Plaintiff filed a motion for class certification (ECF No. 14), a motion for reconsideration (ECF No. 15), and a motion for a temporary restraining order and a preliminary injunction (ECF No. 16). The magistrate judge issued a report recommending the three motions be denied. (ECF No. 52.) Plaintiff filed an objection. (ECF No. 56.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the

magistrate's report that the district court must specifically consider").

## Motion for Class Certification and Motion for Reconsideration

The complaint was filed as a class action. (ECF No. 1.) Above the introduction, Plaintiff titles the complaint "Class Action Civil Rights Complaint" (Page ID 2) and paragraphs 20-23 outline the "Basis for Class Action" (Page ID 6-7). Plaintiff, however, did not file a motion for class certification with the complaint. Approximately four weeks after the complaint was filed, the magistrate judge issued an order denying class certification. (ECF No. 7.) Four weeks later, Plaintiff filed a motion for class certification (ECF No. 14) and a motion for reconsideration of the order denying class certification (ECF No. 15). The magistrate judge recommends denying both because, as an incarcerated, pro se plaintiff, he is not an appropriate representative of a class. Plaintiff has not objected to this conclusion. Therefore, any objection Plaintiff has to the recommendations concerning the complaint moving forward as a class action are waived. On this issue, the report and recommendation is **ADOPTED** as the opinion of this Court.

## Motion for TRO and PI

Plaintiff filed a motion for a temporary restraining order and for a preliminary injunction. (ECF No. 16.) Plaintiff sought relief for himself and all class members. Specifically, Plaintiff requested the Court enjoin Defendants from (1) depriving all members of the class their religious services, (2) transferring members of the class in an effort to make the motion moot, (3) depriving members of the class their religious accouterments, (4) intercepting religious communications, and (5) disallowing Shi'a/Ismaili Ramadan. (ECF No. 16 Page ID 59-60.) Plaintiff also requested the Court enjoin MDOC from registering the Moorish Science Temple of America under the registration number of the Moorish Science Temple of America, Reincarnate Temple Body. (*Id.*) The magistrate judge recommends denying the

motion because the four factors that must be examined for injunctive relief weigh against Plaintiff.

Plaintiff objects, insisting the exhibits attached to his motion support all four factors. Plaintiff argues that the motion is not moot simply because he was transferred to a different institution or because some defendant may have retired.

Having reviewed the motion and response, report, and objections, the Court agrees that Plaintiff has not established a basis for injunctive relief. Based on Plaintiff's submissions, it is not clear what the distinction between the two Moorish associations are, or why the distinction is important to Plaintiff's sincerely held religious beliefs. This Court has no doubt that Plaintiff understands the distinctions, but his explanation thus far is insufficient to convince this Court that a separate group religious ceremony is required to avoid irreparable injury. The Court notes that temporary injunctions typically issue to preserve the status quo, not to mandate change. *See Smith Wholesale Co., Inc. v. R.J.R. Tobacco*, 477 F.3d 854, 873 n. 13 (6th Cir. 2007) (quoting *U.S. v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004)). The Court further notes that issuing temporary or preliminary injunctive relief in the context of a prisoner civil rights case is highly unusual because of strong, countervailing interests, including comity and federalism. *See Kendrick v. Bland*, 740 F.2d 432, 437 (6th Cir. 1984) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)). With success on the merits merely speculative, the balance of the interests weigh in favor of refraining from interference with MDOC policies. On this issue, the report and recommendation is **ADOPTED** as the opinion of this Court.

Having adopted the report and recommendation (ECF No. 52) as the opinion of this Court, Plaintiffs' motions (ECF Nos. 14-16) are **DENIED.  IT IS SO ORDERED.**


Date:   March 17, 2015                                              /s/ Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     Chief United States District Judge