UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD BRADFORD, # 131806,            )
a/k/a LEONARD BRADFORD-BEY,            )
        Plaintiff,                      )
                                                 )       No. 1:14-cv-679
-v-                                    )
                                                 )       HONORABLE PAUL L. MALONEY
DANIEL HEYNES, et al.,                 )
             Defendants.                 )
_____)

**MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION
AND
ORDER DISMISSING CLAIM AGAINST DEFENDANT WILCOXSON-BEY AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Leonard Bradford-Bey, a prisoner under the control of the Michigan Department of

Corrections (MDOC), filed this lawsuit in which he alleges violations of his religious freedoms.

Defendants Heyns, Martin, Pattison, Prelesnik, Stoddard, and Wyma filed a motion for summary

judgment.  (ECF Nos. 22 and 23.)  Plaintiff filed a response (ECF No. 29) and Defendants filed a

reply (ECF No. 31).  The magistrate judge issued a report recommending (1) the claims against

Defendant Wilcoxson-Bey be dismissed for failure to state a claim, (2) the claims against Defendants

Prelesnik, Wyma, Pattison, and Stoddard be dismissed as moot, and (3) the motion for summary

judgment be granted for the claims against Defendants Heyns, Martin, Prelesnik, Wyma, Pattison,

and Stoddard

      After being served with a report and recommendation (R&R) issued by a magistrate judge,

a party has fourteen days to file written objections to the proposed findings and recommendations.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district court judge reviews de novo the portions of

the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Only

those objections that are specific are entitled to a de novo review under the statute.  *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Plaintiff's objection identifies a number of concerns. The Court has attempted to address each.

**1.  Recommendation Is Inconsistent With the Case Management Order**

Plaintiff argues the Case Management Order (CMO) (ECF No. 25) states that the Court reviewed the complaint and concluded that it was not subject to dismissal for failure to state a claim. Plaintiff argues that the magistrate judge cannot now contradict that conclusion and recommend granting a motion for summary judgment.

Plaintiff's objection is OVERRULED. Plaintiff's objection contains two erroneous assumptions. First, while a court ordinarily acts consistently with its prior orders, it does so as a matter of discretion and not because it is bound to do so. *See Southern Railway Co. v. Clift*, 260 U.S. 316, 319 (1922). So long as final judgment has not been entered, this Court has inherent authority to reconsider any part of the case. *See In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). The magistrate judge reviewed the complaint again and reached a different conclusion. For Defendant Wilcoxson-Bey, Plaintiff failed to allege that Wilcoxson-Bey was acting under color of state law, an element necessary to maintain any of Plaintiff's claims against that defendant. Absent that  factual allegation, Plaintiff fails to state a claim against Wilcoxson-Bey for which this Court may grant relief. Plaintiff's authority on this issue does not compel a different outcome. Plaintiff has not alleged Wilcoxson-Bey provided medical treatment through a contract with the state. *See*

*West v. Atkins*, 487 U.S. 42, 54-55 (1988).  Plaintiff has not alleged that Wilcoxson-Bey met the two-part test for a state actor outlined in *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).  *See Phelps v. Dunn*, 965 F.2d 93, 102 (6th Cir. 1992).  Plaintiff does not get to pursue discovery absent allegations sufficient to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009).

Second, Plaintiff's objection overlooks the distinction between a failure to state a claim based on the pleadings, and a motion for summary judgment, which challenges a plaintiff's ability to produce evidence to support the facts alleged in the complaint.  A conclusion that the pleadings state a claim on which relief may be granted does not preclude the court from granting a motion for summary judgment.  This is especially true when the motion for summary judgment raises an affirmative defense like failure to exhaust, an issue not required to be addressed in the complaint.  Therefore, the statement in the CMO does not  preclude the Court from now concluding that Defendants are entitled to summary judgment.

**2.  Appearance by Wilcoxson-Bey**

Plaintiff states that he never received any notice that Wilcoxson-Bey made an appearance in this case.  Wilcoxson-Bey signed a waiver of service on August 25, 2014.  (ECF No. 19.)  The waiver of service was filed electronically on August 28, 2014.

**3.  Trial Date**

Plaintiff argues Defendants' motion for summary judgment was filed in violation of the CMO.  Plaintiff argues the Court should have set a date for trial.  Plaintiff's objection is OVERRULED. The motion for summary judgment was timely filed.  The motion was filed on September 5, 2014, three days before the CMO issued.  Obviously, the deadline for filing the motion did not, and could not, have expired before the order establishing the deadline was issued.

**4.  Reply to Response to Motion for Sanctions**

Plaintiff contends the magistrate judge erred in not allowing him to file a reply to support his motion for sanctions or his motion to compel.  Plaintiff's objection is OVERRULED.  Plaintiff is not entitled to file a reply under the Local Rules because the motion for sanctions and motion to compel are nondispositive motions.  *See* W.D. Mich. LR Civ. P. 7.3(c).  Also, Plaintiff has not identified any order denying a request for leave to file a reply.

**5.  Dates and Year of the Religion's Body**

Plaintiff asserts the magistrate judge factually erred in the description of the "dates and year of the religion's body."  Plaintiff's objection is OVERRULED.  Even if the magistrate judge's description does not mirror the description in the complaint, Plaintiff fails to explain how this factual error necessitates a different result.

**6.  Failure to Exhaust**

Plaintiff argues the conclusion that he failed to exhaust his grievances is in error.  Plaintiff reasons that the issues raised in his complaint are not subject to the MDOC grievance policies and, therefore, he could not exhaust his grievances.  Plaintiff explains that he objects to the application of the policies to all like-situated prisoners, and not just to him individually.  Challenges to the policies themselves are outside the grievance procedure.  Also, hearings involving the disposition of property are not subject to grievances.

A review of the claims in the complaint is necessary here.  Defendant Pattison confiscated two items: (1) the Divine Moorish Constitution of the Moorish America, and (2) a Circle Seven Charm necklace.  (Compl. ¶ 11.)  On February 10, 2012, Plaintiff sought recognition of the Moorish Science Temple of America Reincarnate, 1926/1928 body and a place to conduct worship.  (*Id.* ¶ 12.)

4

Plaintiff filed a grievance on March 1, 2012, complaining about the necklace and the denial of a place to worship. (*Id.* ¶ 13.) On March 2, 2012, Plaintiff submitted a request to conduct a religious worship service at his facility. (*Id.* ¶ 16.) Plaintiff was twice transferred to another MDOC facility in retaliation for his grievances and attempts to redress the burdens on the free exercise of his religion. (*Id.* ¶¶ 18-19.) In his prayer for relief, Plaintiff seeks declaratory and injunctive relief for himself and all persons similarly-situated, those members of his professed religion.

Plaintiff's objection is OVERRULED. The first grievance was not properly exhausted. The first grievance, ICF 12-03-0401-28e, addresses the necklace confiscation and Plaintiff's request for recognition of his religion. The grievance was appropriately rejected as untimely and because it addressed multiple issues. Plaintiff has not raised any objection to this conclusion. Plaintiff cannot avoid the exhaustion requirement by attempting to litigate the claims as a class action. The Court has already denied Plaintiff's attempts to certify a class. The claims in the complaint arise from the application of the policies to Plaintiff himself, not from the existence of any MDOC policy. Plaintiff's grievances related to specific incidents and situations in which he was involved.

In the section of the report and recommendation where the magistrate judge addressed exhaustion, the magistrate judge concluded that Plaintiff's attempt to pursue his claims as a representative of a class did not excuse the exhaustion requirement. Plaintiff does not object to this conclusion.

The other three grievances discussed by the parties may have been properly exhausted. However, that conclusion does not assist Plaintiff. Either Plaintiff has not established that the claim raised is viable or Plaintiff does not allege a claim based on the issues raised in a grievance. The second grievance, ICF 12-03-0394-15e, addresses a delay in the delivery of personal letters related

to his religion.  It does not relate to any claim in the complaint, although it does relate to a prayer for relief.  Although a claim arising from this grievance may be exhausted, the complaint does not state a claim arising from this incident.  The third grievance, ICF-12-03-402-20c, addresses the rejection of the necklace Plaintiff claims was necessary for religious services.  The grievance was rejected because the necklace was not included on the list of allowable religious property.  Before the necklace could be included on the list, Plaintiff's religious group would need to be recognized by the MDOC, which it currently is not.  Therefore, the necklace was properly rejected.  This claim may have been properly exhausted.  Until the religious group is recognized, Plaintiff is not entitled to possess the necklace.

The fourth grievance, ICF-12-03-0420-15a, complains about the rejection of a blank petition by a prison staff member named Lantagne.  The petition was rejected because it violated the MDOC regulation prohibiting personal official documents. The complaint does not include any claim related to this particular incident.  Plaintiff has not established that the denial of the petition somehow burdens the free exercise of his religion.

## 7.  Failure to Name Defendants in the Grievance

Plaintiff argues the magistrate erred on page 7 of the report.  Plaintiff's objection is OVERRULED.  Plaintiff confuses the legal standards summarized on page 7 of the report with the factual findings and recommendations of the magistrate.  Although individual defendants must be named in a grievance in order to exhaust administrative remedies, the magistrate judge did not conclude that Plaintiff failed to exhaust remedies on that basis.

## 8.  Mootness

Plaintiff objects to the magistrate judge's conclusion that Plaintiff's transfer moots the claims

6

against Defendants Prelesnik, Wyma, Pattison, and Stoddard.  Plaintiff argues the injunctive relief he seeks applies to the MDOC in general, which is why the defendants were sued in their official capacities.

Plaintiff's objection is OVERRULED.  All of Plaintiff's claims against Defendants Prelesnik, Wmya, Pattison, and Stoddard, in their individual capacities are moot.  Plaintiff has not objected to that conclusion.  Plaintiff cannot maintain any claim against the defendants in their official capacities for money damages under the Religious Land Use and Institutionalize Persons Act,. *see Sossman v. Texas*, 131 S.Ct. 1651, 1658-59 (2011), or under § 1983 for retaliation in violation of the First Amendment, *see Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

## ORDER

For the reasons provided in the accompanying memorandum opinion,

1.  The report and recommendation (ECF No. 55) is **ADOPTED** over objections as the opinion of this Court;

2.  Plaintiff's claims against Defendant Wilcoxson-Bey are **DISMISSED** for failure to state a claim on which relief may be granted;

3.  Plaintiff's claims against the defendants at ICF – Prelesnik, Wyma, Pattison, and Stoddard, are **DISMISSED** as moot; and

4.  Defendant's motion for summary judgment (ECF No. 22) is **GRANTED.**

**IT IS SO ORDERED.**

Date:   March 19, 2015                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief United States District Judge