UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD BRADFORD, # 131806,  )
a/k/a LENARD BRADFORD-BEY,    )
                              )
          Plaintiff,          )   Case No. 1:14-cv-679
                              )
v.                            )   Honorable Paul L. Maloney
                              )
HEIDI WASHINGTON, et al.,     )
                              )
          Defendants.         )
_____)

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff seeks declaratory relief and an injunction compelling Michigan Department of Corrections (MDOC) officials to allow him to possess a "Circle 7 Charm."[1]

---

[1] The statutory RLUIPA claim on which plaintiff seeks injunctive and declaratory relief is his only remaining claim. (ECF No. 1 at PageID.9-11; ECF No. 72; ECF No. 111 at PageID.535). There is no right to a jury trial on a claim for injunctive relief under RLUIPA. *See Thunderhorse v. Pierce*, 364 F. App'x 141, 148 (5th Cir. 2010); *Dujardine v. Michigan Dep't of Corr.*, No. 1:07-cv-701, 2009 WL 3837663, at *1 (W.D. Mich. Nov. 17, 2009). Neither does plaintiff's request for declaratory relief create a right to a jury trial. *See Golden v. Kelsey-Hayes*, 73 F.3d 648, 662 (6th Cir. 1996) ("Seeking declaratory relief does not entitle one to a jury trial where the right to a jury trial does not otherwise exist.").

Plaintiff's complaint included a number of other claims. On March 28, 2016, the United States Court of Appeals for the Sixth Circuit affirmed this Court's grant of summary judgment in favor of defendants on all claims, with the exception of the above-referenced Circle 7 Charm claim. The Sixth Circuit reversed this Court's grant of summary judgment on that claim and remanded the matter for further proceedings. (ECF No. 72).

The defendants are MDOC Director Heidi Washington, MDOC Special Activities Coordinator David Leach, ICF Warden Willie Smith, Handlon Correctional Facility (MTU) Warden De Wayne Burton, ICF Chaplain Casey Cheney and former ICF Mail Room Officer Mark Patison. The matter is now before the Court on cross-motions for summary judgment. (ECF No. 108, 110). For the reasons set forth herein, I recommend that plaintiff's claim against defendant Patison be dismissed as moot because Patison is a former MDOC employee and he no longer has any ability to control whether plaintiff can possess a Circle 7 Charm. I recommend that the motions for summary judgment be denied.

## **Summary Judgment Standard**

When reviewing cross-motions for summary judgment, the Court must assess each motion on its own merits. *See McKay v. Federspiel*, 823 F.3d 862, (6th Cir. 2016); *Federal Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Group*, 415 F.3d 487, 493 (6th Cir. 2005). " '[T]he filing of cross-motions for summary judgment does not necessarily mean that an award of summary judgment is appropriate.' "

*Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 309 (6th Cir.2005) (quoting *Beck v. City of Cleveland*, 390 F.3d 912, 917 (6th Cir. 2004)).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Gecewicz v. Henry Ford Hosp. Corp.*, 683 F.3d 316, 321 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wasek v. Arrow Energy Services, Inc.*, 682 F.3d 463, 467 (6th Cir. 2012).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV . P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.

FED. R. CIV. P. 56(e)(2), (3); *see West v Saginaw Twp. Police Dep't*, No. 16-2377, 2017 WL 4513184, at *1 (6th Cir. Sept. 5, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir.2009) (quoting *Anderson*, 477 U.S. at 252); *see Mullendore v. City of Belding*, 872 F.3d 322, 327 (6th Cir. 2017).

Plaintiff, as a moving party with the burden of proof, faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable [trier of fact] would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (citation and quotation omitted). Accordingly,

summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Proposed Findings of Fact**

Plaintiff is an inmate held in the custody of the MDOC. He testified that his religion is Moorish Science Temple of America Reincarnate (Reincarnated Temple). (Plf. Dep. 6, ECF No. 111-1, PageID.550). Plaintiff adopted his religion in prison in approximately 1979. (*Id.* at 11, PageID.551).

The item at issue is a Circle 7 Charm. (ECF No. 109-2, PageID.519; ECF No. 111-3 at PageID.580). Plaintiff testified that the charm could also be described as a medallion, pendant, or amulet. (Plf. Dep. at 33, PageID.557). The charm is approximately the size of a silver dollar. (*Id.* at 42, PageID.559).

This lawsuit stems from the Notice of Package/Mail Rejection that plaintiff on or about February 7, 2012. Plaintiff testified that he ordered a Circle 7 Charm and had it shipped to him while he was incarcerated at the Ionia Correctional Facility. There is no evidence that plaintiff sought permission from the MDOC's deputy director that he be allowed to possess this item as personal religious property before he had the Circle 7 Charm shipped. (Leach Dep. at 34-36, ECF No. 111-10, PageID.613). Policy Directive 05.03.150 ¶ JJ states that prisoners "may possess personal religious property that has not already been authorized by the Deputy Director only with approval of the Deputy Director. Such requests from prisoners

must be submitted in writing to the Warden or designee and include a description of the religious item and an explanation of its significance in the prisoner's designated religion. The Warden or designee shall forward the request and any supporting documents to the CFA Special Activities Coordinator through the appropriate chain of command. The CFA Special Activities Coordinator shall present the material to the CAC for review as needed prior to submission to the Deputy Director." (ECF No. 111-5, PageID.590).

The MDOC "recognizes religious groups for the purpose of identifying those groups authorized to conduct group religious services and attend group religious activities and for identifying authorized personal religious property prisoners belonging to the religious group may possess." (P.D. 05.03.150 ¶ I, ECF No. 111-5, PageID.587). Plaintiff did not seek MDOC recognition of the Reincarnated Temple as a religion separate and distinct from the Moorish Science Temple of America, a religion which is recognized by the MDOC. Policy Directive 05.03.150 ¶ K specifies the procedure through which a prisoner or group of prisoners belonging to a religious group not yet recognized by the MDOC can seek such recognition.[2] (ECF No. 111-5, PageID.587).

A Circle 7 Charm is not among the items of personal religious property that Michigan prisoners are allowed to possess. As previously noted, the Moorish Science

---

[2] No party has asserted that this long-pending lawsuit is not ripe for decision because plaintiff did not follow the aforementioned MDOC procedures.

Temple of America is a religion recognized by the MDOC. Its male members are allowed to possess the following items of personal religious property inside Michigan's prisons: one fez (red only, no added or identifying insignia), one fez bag, one blue 1" lapel pin (without title or rank), one red 3" badge (without title or rank), and one nationality card. (ECF No. 109-5 at PageID.531; ECF No. 111-4, PageID.583). Plaintiff testified that he is classified by the MDOC as a member of the Moorish Science Temple of America and that he could order and possess the above-referenced personal property items. (Plf. Dep at 15-17, 40-41, 55, ECF No. 111-1, PageID.552-53, 558-59, 562). A Circle 7 Charm is not included in the list of items that Moorish Science Temple of America members are allowed to possess. (Leech Dep. at 15-16, ECF No. 111-10, PageID.608).

The parties did not attempt to support their motions for summary judgment with the documents generated in connection with the Notice of Package/Mail Rejection. Plaintiff did file documents connected to his grievance and related appeals. On March 6, 2012, ICF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ICF-12-03-042-20C (ECF No. 111-6, PageID.596). Plaintiff stated his grievance as follows:

> On 2/7/12 I received a Notice of package/mail rejection from an approved IDF/MDOC Vendor titled: GED Uauterer out of Chicago, Illinois. The item rejected as one (1) religious Circle Seven necklace charm, that would be the equivalent to the Christian cross with Jesus on it, and just as spiritually important. The rejection was based upon PD-04.07.112.
> This property policy does not reject a prisoner from receiving a religious necklace, and therefore, the rejection does not follow the policy

> of PD 04.07.112. Officer Pattison could not arbitrarily cite any policy for capricious rejection of religious symbols, but must cite specific policy.
>
> Grievant is a member of the Moorish Science Temple of America, Inc. "Reincarnate Temple" which is an Illinois Religious Corporation and Sovereign Nation of Indigenous/Indian Murrs, and completely different from another group of Moors by the same name "Moorish Science Temple of America," but they are not the "Reincarnate Temple," and thereby two "distinct" temples, with irreconcilable differences." Grievant's Religious necklace "Circle Seven" was rejected based upon the other group's allowed items, and not that of his "Reincarnate Temple" religious group which its members wear as mandatory. Grievant has petition the MDOC for religious acknowledgement and a place to conduct meetings without success at this time. However, the MDOC cannot stop Grievant from privately practicing his religious belief, and to deny Grievant religious necklace, but allow all other faith base groups to possess their religious discrimination [sic], and making decisions in favor of on MSTA against another MSTA … Grievant should be allowed to possess his religious necklace without retaliation or retaliatory transfer for filing this grievance. Grievant did all that he could to resolve this issue prior to this filing. To date, Grievant has been denied a due process hearing and have [sic] not received an administrative hearing report so he can appeal. Greivant's religious necklace is just sitting in ICF property room. Grievant request some type of hearing report where he can sign showing the disposition of the hearing.

(ECF No. 111-6, PageID.596-97). Plaintiff's grievance was denied at Step I because the Circle 7 Charm was not listed as allowed personal religious property under P.D. 04.07.112, Attachment A. (*Id.* at PageID.596). Plaintiff pursued grievance appeals through Steps II and III. (ECF No. 111-7 at PageID.599; ECF No. 111-8 at PageID.601; ECF No. 111-9 at PageID.603).

Plaintiff testified that not having the Circle 7 Charm makes him feel unprotected. Plaintiff indicates that he has artists draw up the semblance of a "Circle 7," and he makes due with that. (Plf. Dep. at 51, ECF No. 111-1.

PageID.561). Plaintiff states that wearing the Circle 7 Charm provides spiritual protection. (Plf. Dep. at 33, 41, *Id*, PageID.557, 559).

The security threat identified by the MDOC is the "gatekeeper" problem of placing one prisoner in a position of authority over another prisoner and the specific power of determining whether another prisoner could possess and wear a particular item of property within a prison. Placing one prisoner in a position of authority over another is a danger to institutional safety and security. The prisoner in a superior position can use that authority to coerce other prisoners to take actions in order to receive the property item. Further, it can place the prisoner in authority in danger because the person being denied the personal property item may not like that answer and "decide to deal with it in less than ideal means, violence and so forth." (Leach Aff. ¶¶ 5-6, ECF No. 109-4, PageID.527; Leach Dep. at 40, ECF No. 111-10, PageID.614).

Plaintiff has had a certificate of authority from the Reincarnated Temple designating him as an imam, or local teacher. (Plf. Dep. at 50, ECF No. 111-1, PageID.561). Because plaintiff is designated as a teacher, he is the local imam "in whatever prison community that [he is] in, so whatever reincarnated members who happen to transfer into the prison that [plaintiff is in, he] would be their spiritual head." (*Id.* at 30, PageID.556).

Plaintiff testified that the leaders of the Moorish Science Temple of America do not permit prison acting members under them to have a Circle 7 Charm "because the symbol represents someone that's a sheik or an adept, and because the members

under them are considered as acting members and not sheiks or adepts they won't allow them to have it." (Plf. Dep. at 35, PageID.557; *see also* Anderson-Bey Dep. at 47-48, ECF No. 111-2, PageID.576).

Plaintiff testified that the Reincarnated Temple would allow him to possess a Circle 7 Charm,[3] because it can be possessed by incarcerated sheiks and adepts. (Plf. Dep. at 35, ECF No. 111-1, PageID.557). Plaintiff denied that wearing the charm would denote some sort of hierarchy, but it would acknowledge that he was adept or advanced in the knowledge and the teachings of Ismaili Islam. (*Id.* at 36, PageID.557). Victor Anderson-Bey offered similar testimony. (Anderson-Bey Dep. at 20-24, ECF No. 111-2, PageID.569-70).

Plaintiff acknowledged that, as the designated teacher in his place of incarceration, he would be the person to determine whether another prisoner had achieved the requisite knowledge so as to be able to wear the Circle 7 Charm. Plaintiff indicated that he would have to explain the reasons for his decisions to Reincarnated Temple officials in Chicago or Detroit, but he thought that they would trust his decisions regarding which prisoners should be allowed to wear the Circle 7 Charm. (Plf. Dep. at 37, ECF No. 111-1, PageID.558).

---

[3] Defendants presented no evidence identifying a potential for conflict stemming from this difference in policy between the Reincarnated Temple and the Moorish Science Temple of America.

**Discussion**

Under RLUIPA, plaintiff bears the initial burden of proving that the MDOC's actions implicate the exercise of his religious beliefs. *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015). The statute protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). A prisoner's request for accommodation must be based on a sincerely-held religious belief, however, and not some other motivation. *See Holt v. Hobbs*, 135 S. Ct. at 862 (citing *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2774 n.28 (2014)). The sincerity of plaintiff's stated religious beliefs is not contested.

Plaintiff also bears the burden of showing that the MDOC's policy "substantially burdens" the exercise of his religion. *Holt v. Hobbs*, 135 S. Ct. at 862. For purposes of the cross-summary judgment motions, defendants have conceded that refusing to allow plaintiff to have a Circle 7 Charm imposes a substantial burden on his religious exercise.[4] (ECF No. 109 at PageID.511; ECF No. 115 at PageID.624).

The defendants have the burden of showing that the MDOC's policy is in the furtherance of a compelling governmental interest and it is the least restrictive

---

[4] The defendants' strategy in this case stands in stark contrast to *Alexander v. State of Michigan*, No. 1:13-cv-1372, 2017 WL 4334341(W.D. Mich. Sept. 28, 2017), where one of prisoner Alexander's claims was a RLUIPA claim seeking an injunction compelling MDOC defendants to allow him to possess a medallion. In *Alexander*, the defendants vigorously contested the issue of "substantial burden." The Court held that defendants were entitled to summary judgment because plaintiff failed to satisfy his burden of coming forward with evidence sufficient to raise a genuine issue of fact for trial. *Id.* at *9.

means of furthering that compelling governmental interest. 42 U.S.C. § 2000cc–1(a); *see Haight v. Thompson*, 763 F.3d 554, 560 (6th Cir. 2014).

Prison security is a compelling state interest. *See Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005). Lawmakers anticipated that courts would apply the Act's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources. *Id*. "RLUIPA requires the courts to weigh the government's compelling interest against 'the burden on *that* person' bringing a claim, 42 U.S.C. § 2000cc–1(a), which is to say, broad generalities about the government's interest unmoored from the particularities of *this* case will not suffice." *Haight v. Thompson*, 763 F.3d at 563-64.

This case turns on whether preventing plaintiff from possessing the Circle 7 Charm is the least restrictive means of furthering the compelling state interest. The parties have presented conflicting evidence raising issues of fact regarding whether allowing plaintiff to possess the Circle 7 Charm places him in a real position of authority over other prisoners, and whether it poses a real rather than an exaggerated threat to prison security. Further, "[d]efendants are not entitled to deference merely because they have shown that their policy furthers a compelling interest. If that were the case, RLUIPA's additional requirement to show that the policy at issue is the least restrictive means to further that interest would have no

meaning. It is incumbent upon [d]efendants to provide *some* evidence that alternatives to [the Circle 7 Charm] ban have been considered." *Gordon v. Caruso*, 720 F. Supp. 2d 896, 901 (W.D. Mich. 2010).

### **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's claim against defendant Patison be dismissed as moot because Patison is a former MDOC employee and he no longer has any ability to control whether plaintiff can possess a Circle 7 Charm. I recommend that the cross-motions for summary judgment (ECF No. 108, 110) be denied.

Dated: November 14, 2017  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

### **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).