UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD BRADFORD, #131806, )
      Plaintiff, )
              )   No. 1:14-cv-679
-v- )
              )   Honorable Paul L. Maloney
DANIEL HEYNS, et al., )
      Defendants. )
              )

## ORDER ADOPTING REPORT AND RECOMMENDATION, WITH MODIFICATIONS

In this lawsuit, Plaintiff Leonard Bradford, a prisoner under the control of the Michigan Department of Corrections (MDOC), asserts claims arising from the MDOC's denial of his request for a pendant, a Circle Seven Charm worn by members of the Morrish Science Temple of American Reincarnate (MSTAR).[1] This matter comes before the Court on a Report and Recommendation (ECF No. 118) issued by the magistrate judge, who recommends denying the cross motions for summary judgment (ECF Nos. 108 and 110). Defendants filed objections (ECF No. 119) and Plaintiff filed a response (ECF No. 120).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de

---

[1]   MSTAR is distinct from the Moorish Science Temple of America (MSTA). Plaintiff is a member of MSTAR.

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). The Court has reviewed the motions, the R&R, the objections and response.

1. The magistrate judge recommends dismissing, as moot, Plaintiff's claim against Defendant Patison. (R&R at 2 PageID.645.) Neither party objects to this recommendation. Because Patison is no longer with the MDOC, Plaintiff cannot obtain any relief from Patison. The recommendation to dismiss Patison is ADOPTED.

2. The magistrate judge found conflicting evidence (A) "regarding whether allowing plaintiff to possess the Circle Seven Charm places him in a real position of authority over other prisoners, and [(B)] whether it poses a real rather than an exaggerated threat to prison security." (R&R at 12 PageID.655.)

A. Whether Possessing a Circle Seven Charm Puts Plaintiff in a Position of Authority Over Other Prisoners. For this factual conclusion, he magistrate judge found a genuine issue of material fact.

Defendants object, asserting a lack of a genuine dispute that possession of the charm would give Bradford some authority over other prisoners. Plaintiff contends the charm does not establish a hierarchy and that Bradford's authority to determine who could get a charm was limited.

For this recommendation, the R&R is ADOPTED AND SUPPLEMENTED. To be clear, the magistrate judge accurately described the evidentiary record on this point as

mixed. This factual conclusion, however, was not precisely what Defendants argued in their motion. Accordingly, the Court will supplement the factual conclusions in the R&R.

Defendants argued that the charm should be prohibited as a security interest. Defendants explained that, for security reasons, prisoners are not allowed to have authority, not even limited authority, over each other. (ECF No. 109-4 Leach Aff. PageID.528.) If Plaintiff were permitted to possess the charm, then the charm must be made available to all members of MSTAR. But, Plaintiff has testified that he would be able to have some influence on the decision whether a prisoner has demonstrated the required knowledge to be recognized as an adept, and thus entitled to possess the charm.

There remains a genuine issue of material fact whether possession of the charm by any MSTAR member would constitute symbol of rank or hierarchy. The testimony in the record establishes that all members of MSTAR would be entitled to the charm, but only after being made a sheik or being recognized as an adept. (ECF No. 111-1 Bradford Dep. at 35 PageID.557.) In both cases, the individual seeking the charm has demonstrated certain knowledge and has learned certain rituals. (*Id.* at 36-37 PageID.557–58.; ECF No. 111-2 Anderson-Bey Dep. at 20 PageID.570.) However, achieving the status of adept and possessing the charm does not impute rank or authority over others. (Anderson-Bey Dep. at 20 PageID.570.) And, only an MSTAR grand sheik would have the authority to order a member to stop wearing the charm. (Anderson-Bey Dep. at 25 PageID.571.)

There is no genuine dispute of material fact that Plaintiff would have some influence on the determination that a prisoner would be recognized as adept by MSTAR. Testimony in the record establishes that Plaintiff possesses a certificate from MSTAR designating him

as an imam, or local teacher. (Bradford Dep. at 30 PageID.556 and at 50 PageID.561.) As a local teacher, Plaintiff acts as the imam or "spiritual head" of whatever prison community he is in." (*Id.* at 30 PageID.556.) Finally, testimony in the record establishes that Plaintiff, as the local teacher, would have some input on the decision whether an individual meets the criteria for wearing the charm, although MSTAR officials outside the prison make the final decision, they would trust Plaintiff's judgment. (*Id.* at 37 PageID.558.)

The Court, therefore, supplements the R&R with the following factual conclusions. First, there is no genuine issue of material fact that possession of the Circle Seven Charm can be a symbol of hierarchy for MSTAR members. The charm is available to all members of MSTAR only after they have obtained and demonstrated certain knowledge and understanding. Although all members may be entitled to the charm, that entitlement comes only when conditions are satisfied.

Second, although there is evidence that the charm is a hierarchical symbol, the record is mixed as to whether possession of the charm imputes any authority over other prisoners. Plaintiff's authority over other prisoners would not arise from his possession of the charm, but because he is the individual who has influence over the decision about who should become an adept. There is no genuine issue of material fact that Plaintiff, as the local teacher, would have some influence over the decision whether a member of MSTAR has met those conditions. Without personal knowledge of the individual, the MSTAR officials outside the prison deciding who can get the charm would have to rely on Plaintiff's recommendation.

B. Whether Allowing Prisoners to Possess a Circle Seven Charm Poses a Threat to Prison Security. The magistrate judge found a genuine issue of material fact on this conclusion. Although the MDOC asserted prison security as a compelling state interest, the magistrate judge concluded the MDOC did not provide any evidence that a complete ban on the charm was the least restrictive means or that any alternatives were considered.

Defendants object. Defendants assert there are no alternatives; either the charm is permitted or it is not permitted.

On this point, the Court ADOPTS the magistrate judge's recommendation. Once a plaintiff establishes a cognizable claim under the RULIPA, "the prison policy survives only if it serves a compelling government interest in the least restrictive way." *Haight v. Thompson*, 763 F.3d 554, 560 (6th Cir. 2014). Here, Defendants assert that prison security is a compelling government interest. But, in their motion, Defendants failed to put forth evidence that a ban on the charm is the least restrictive means. The test requires Defendants not merely to explain why it denied Plaintiff the charm, "but to prove that denying [the charm] is the least restrictive means of furthering a compelling governmental interest." *Holt v. Hobbs*, 135 S. Ct. 853, 864 (2015). "The least-restrictive-means standard is exceptionally demanding, and it requires the government to show that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party." *Id.* (internal quotation marks and edit omitted). Defendants' perfunctory "no alternative" explanation is simply not supported by any evidence.

3. Equal Protection. In the motion and in the response to Plaintiff's motion, Defendants request the Court deny any injunctive relief for violations of the Equal Protection Clause. Plaintiff does not address this request in his response to Defendants' motion. In the brief in support for his motion, Plaintiff unequivocally states that he has "only one claim remaining," a First Amendment claim as apply by the RLUIPA. (PageID.535.)

The magistrate judge stated that Plaintiff only remaining claim arises under the Religious Land Use and Institutionalized Persons Act (RLUIPA), and that Plaintiff seeks only injunctive and declaratory relief. (R&R at 1 n.1 PageID.644.) Neither party objected to that description of the lawsuit. Based on Plaintiff's own description of his claims, the Court concludes there is no pending Equal Protection claim.

For these reasons, the R&R (ECF No. 118) is **ADOPTED, with supplemental findings,** as the Opinion of this Court. Defendants' motion for summary judgment (ECF No. 108) is DENIED. Plaintiff's motion for summary judgment (ECF No. 110) is also DENIED.

**IT IS SO ORDERED.**

Date: January 9, 2018                         /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge